Filed 7/17/14  Cross v. Meza CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JUAN CROSS et al., | H038960 |
| Plaintiffs and Respondents, | (Monterey County Super. Ct. No. M109800) |
| v. | |
| DOMINGO MEZA, | |
| Defendant and Appellant. | |

Appellant is Domingo Meza, the defendant in the underlying action for personal injuries related to a car accident.  He appeals a judgment entered pursuant to Code of Civil Procedure section 664.6[1] on the grounds that his attorney made a mistake at the settlement conference.  (§ 473, subd. (b) ).

### STATEMENT OF THE CASE

The instant case arises from the settlement of a personal injury action that was filed in December 2010.  On November 4, 2011, the Monterey County Superior Court held a mandatory settlement conference.  During the settlement conference, both plaintiffs Juan and Angelita Cross and their counsel were personally present in court. Counsel of record for defendant Domingo Meza's insurance carrier, Edward Cullen, was not personally present, because he was recovering from knee surgery.  In his place,

---

[1] All further unspecified statutory references are to the Code of Civil Procedure.

attorney Susan Grey made a special appearance. A representative for the insurance carrier was not present, but was available to Ms. Grey by telephone standby.[2]

At the conference, a settlement was reached that provided that defendant's insurance carrier would pay $19,900 to Juan Cross, and $17,400 to Angelina Cross. The specific terms were placed on the record in court. In addition, Ms. Grey stated that she was "thoroughly briefed on the case [and] was aware that additional settlement talks between the carrier and Mr. Cullen were to occur the morning of the settlement conference." Ms. Grey also represented to the court that she had "personally verified the settlement authority on both the Plaintiffs by phone outside the courtroom this afternoon."

On February 7, 2012, plaintiff filed a motion to enter judgment after settlement conference pursuant to section 664.6. Defendant opposed the motion on the ground that Ms. Grey was mistaken about the amount to which she was authorized to settle. Specifically, defendant argued the settlement authority was actually for payment of $22,578 to plaintiffs, rather than the $37,100 to which Ms. Grey agreed at the settlement conference.

At the opposition to defendant's section 664.6 motion, defendant brought Ms.\ Grey to court to communicate with the judge about her mistake in settlement. At the hearing, Ms. Grey was not sworn as a witness, nor did she provide a sworn declaration of her mistake. She did, however, tell the court, "I was thoroughly briefed on the case; was

---

[2] Monterey County Local Rules of Court state, "at any mandatory Settlement Conference, all parties and/or principals with full legal and monetary authority to settle the case shall be in personal attendance. Insurance representatives shall have full authority to settle the case and shall be fully knowledgeable about the case. [¶] C. Requests for telephone standby shall be approved only by the Judge. If telephone standby is approved, the requesting person shall be available at the agreed location until excuse by the Court regardless of the time in that location. . . ." (Monterey County Local Rules of Court, rule 6.13.)

aware that additional settlement talks between the carrier and Mr. Cullen were to occur the morning of the settlement conference. . . . [¶] I had a reasonable belief that there may be increased authority on the file because of these earlier negotiations between Mr. Cullen and carrier. I came to court, and I can verify that I went out and I called the carrier twice. I spoke to someone personally. I was referring to the same document as they were referring to. . . . [¶] I spoke to that person in person. It was a live voice. I made notations in Plaintiff's brief confirming what my understanding was from talking with them. . . . [¶] I asked them to verify the amount in Plaintiff's settlement conference demand. . . . *I can only assume that they understood it meant our offer, not demand.* [¶] And I verified a number and made notations on the sheet for the wrong amount. Then I came into court and I said on the record that I had personally spoken to the carrier and that I had verified authority."

After hearing Ms. Grey's statements at the opposition to the motion, the court opined that with the information it had, it did not consider the conduct in settling the case to be Ms. Grey's fault; "rather it seems to be a more systemic problem where the carrier simply was not—was not complying with its obligation [to attend the settlement conference]." In addition, defendant did not provide any declaration from the carrier attesting to the mistake in settlement authority. Based on what the court had before it when considering whether to enter judgment, the court determined that Ms. Grey had not made a mistake for which defendant were entitled to relief.

The court granted plaintiff's motion, and entered judgment pursuant to section 664.6 according to the terms placed on the record at the mandatory settlement conference. Defendant filed a notice of appeal.

## DISCUSSION

Defendant asserts the trial court erred in granting plaintiff's motion to enter judgment pursuant to section 664.6, because defendant's counsel made a mistake at the settlement conference regarding the amount of money for which she could settle the case.

Section 664.6 provides a statutory procedure for the enforcement of a settlement agreement in pending litigation: "If the parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

The California Supreme Court has established the following standard for the trial court's ruling upon a section 664.6 motion: "[I]n ruling upon a section 664.6 motion for entry of judgment enforcing a settlement agreement, and in determining whether the parties entered into a binding settlement of all or part of the case, a trial court should consider whether (1) the material terms of the settlement were explicitly defined, (2) the supervising judicial officer questioned the parties regarding their understanding of those terms, and (3) the parties expressly acknowledged their understanding of and agreement to be bound by those terms. In making the foregoing determination, the trial court may consider the declarations of the parties and their counsel, any transcript of the stipulation orally presented and recorded by a certified reporter, and any additional oral testimony." (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 911.) The standard governing the appellate court's review of the trial court's factual determinations on a section 664.6 motion to enforce a settlement is whether the trial court's ruling is supported by substantial evidence. (*Ibid.*)

Here, the statutory conditions of section 664.6 were met, because the parties

4

entered into a stipulation to settle the litigation on the record.  Specifically, plaintiff's counsel stated on the record, "Defendant will in full settlement of all claims, will pay to Plaintiff Juan Cross the amount of $19,900, and to Plaintiff Angelina Cross, the amount of $17,400.  In exchange, a release and dismissal of all claims will be filed and offered to defendant."  Following the statement by plaintiff's counsel, the court inquired of defense counsel whether she had "authority on behalf of the Defendants to place this on the record so that it is enforceable under [section] 664.6?"  To which defense counsel responded, "I just verified—personally verified the settlement authority on both the Plaintiffs by phone outside the courtroom this afternoon."  The court confirmed that counsel had authority to settle the case, asking her, "So you do have such authority?"  To which she responded, "Yes, I do."

Defendant argues on appeal that the court should have denied plaintiff's motion to enter judgment, because of Ms. Grey's mistake in settling the case for $37,300 rather than $22,578 that was authorized by the carrier.  He bases his argument on the provisions of section 473, subdivision (b) which provides, in relevant part:  "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other legal proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  The section requires the application for relief be accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect.  The trial court's ruling on a discretionary motion for relief pursuant to section 473, subdivision (b) is reviewed for an abuse of discretion.  (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.)

Defendants have not established that the court abused its discretion in refusing to grant relief pursuant to section 473, subdivision (b).  Ms. Grey's statement to the court does not show that she made a mistake.  In fact, her statement demonstrates she knew the circumstances of the case and the ongoing settlement negotiations, acted diligently in

5

communicating with the carrier to the point of speaking with a live person on the phone while she was in court, and confirmed with the carrier that she had authority to settle the case. Ms. Grey's statement shows that any error that may have occurred was committed by the representative for the carrier who spoke to Ms. Grey and verified Ms. Grey's authority to settle the case.

We find the court's granting of defendant's section 664.6 motion was supported by substantial evidence. As stated above, the material terms of the settlement were clearly stated on the record. The court specifically questioned both plaintiffs Juan and Angelina Cross whether they understood the terms of the settlement, whether they had any questions, and whether they agreed to the terms. Both plaintiffs clearly and unequivocally agreed to the terms on the record.

Moreover, there was substantial evidence to support the court's finding that Ms. Grey had the authority to settle the matter on behalf of the carrier, and that the carrier agreed to the terms of the settlement as stated. Ms. Grey repeatedly told the court she had the authority, both directly and when questioned by the court. In addition, when presented with Ms. Grey's statement at the opposition to the section 664.6 motion, the court concluded that Ms. Grey did not make a mistake at the settlement conference; rather, if there was any fault to assign, it was to the insurance carrier representative.

The court's entry of judgment pursuant to section 664.6 was proper and was supported by substantial evidence. *(In re Marriage of Assemi, supra,* 7 Cal.4th 911.)

6

**DISPOSITION**

The judgment is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

MÁRQUEZ, J.

7